**IT IS SO ORDERED.**

**SIGNED THIS: March 27, 2013**

_____
**Mary P. Gorman**
**United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Matthew Craig Brownlee and | ) | Bky. No. 12-72232 |
| Tracie Ann Brownlee, | ) | |
| | ) | |
| Debtor(s). | ) | |

**AGREED DEFAULT ORDER**

THIS CAUSE coming on to be heard upon the Motion to for Relief from Automatic Stay filed on behalf of State Bank of Niantic, ("Movant"), a secured creditor or servicing agent for a secured creditor holding a mortgage on Debtor's property commonly known as 261 E. 4th St., Latham, Illinois 62543 (the "Property"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. Debtors shall tender the sum of $400.00 on or before March 31, 2013 to partially cure the arrears of $1,247.20 through March 31, 2013.   The arrears include:

> $826.00 attorneys' fees and costs;
> 4 (December 2012 – March 2013) payments @ $400.00 = $1,600.00;
> Late charges in the amount of $50.60;
> Less funds in the Debtors suspense in the approximate amount of $29.40;
> Less funds tendered by Debtors in the amount of $1,200.00 on or about March 22, 2013.

Page 2

     2.     In addition to making the regular post-petition mortgage payments timely, Debtors shall cure the remaining arrears of $847.20 through March 31, 2013, by making six monthly payments of $141.20 commencing April 15, 2013.

     3.     If the Debtors fail to timely pay two or more (i) regular monthly mortgage payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtors fail to cure the arrears pursuant to paragraphs 1 or 2 above, then the Debtors shall be deemed to be in default and the automatic stay shall be terminated as to the Property without further order of this Court, if upon written notice of the default to Debtors and Debtors' attorney, the default is not cured within fourteen (14) days from the date the written notice of the default is mailed.

     4.     The Debtors may avail themselves of the cure provision set forth above in paragraphs 1, 2 or 3 above a total of two (2) times. In the event of the issuance of a third (3rd) Notice of Default, the Automatic Stay will automatically modify without further Order as Debtors will no longer have the right to cure thereunder.

     5.     The Proof of Claim heretofore submitted by this Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee.

     6.     In the event that Heavner, Scott, Beyers and Mihlar, LLC, should have to send out any Notices of Default, the Debtors shall pay an extra $50.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

| | |
|---|---|
| State Bank of Niantic, | Matthew Craig Brownlee and Tracie Ann Brownlee, |
| | |
| */s/ Heather M. Giannino* | */s/ Jay Barr* |
| Heather M. Giannino of | Jay Barr, their attorney |
| Heavner, Scott, Beyers & Mihlar, LLC | |

                                               ###